**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 0 7 2009 ★

**BROOKLYN OFFICE**

JOSE NUESI RODRIGUEZ

Plaintiff,

v.

INTERNAL REVENUE SERVICE

Defendant.

Civil Action No.

**CV 09 - 5337**

**COMPLAINT**

DEARIE, CH. J.

## PRELIMINARY STATEMENT POHORELSKY, M.J.

1. This action seeks to compel Defendant, the INTERNAL REVENUE SERVICE ("IRS") to release records and other documents requested by Plaintiff under, 5 U.S.C. § 552, the Freedom of Information Act ("FOIA").

## JURISDICTION AND VENUE

2. This District Court has jurisdiction in this case pursuant to 28 U.S.C. § 1331 as an action arising under the laws of the United States.

3. The Eastern District of New York is a proper venue for this action pursuant to FOIA, 5 U.S.C. § 552(a) (4) (B) as the Plaintiff resides in the district.

## PARTIES

4. Plaintiff, JOSE NUESI RODRIGUEZ, an individual, resides in Brooklyn, New York.

1

5. Defendant, IRS, is an agency of the United States of America, and has possession and control over the records and other documents Plaintiff is seeking.

## FACTS

6. Plaintiff's identity and tax refunds were misappropriated by his income tax return preparer, Panama Express Inc., and its principals Maria Cuervo and/or Rodolfo Cuervo, all of whom are authorized by the IRS as e-filers. Although now substantially rectified, the misappropriation caused significant financial harm to the Plaintiff.

7. Pursuant to 5 U.S.C. § 522 (a), on October 20, 2008, Plaintiff, as taxpayer, requested records and other documents from the Internal Revenue Service by mailing a request to its authorized location. (Exhibit A, without enclosures). Plaintiff made eight requests, in sum, these were:

- Request # 1: The authorization of Panama Express to participate in the IRS's e-file Program for tax years 2002 and 2003.

- Request # 2: The Examination file, Administration file and other documents relating to the Plaintiff's income tax return for years 2002, 2003, and 2004.

- Request # 3: All documents relating to the electronically filed returns, for tax years 2002, 2003, and 2004, and purported participation of the Plaintiff in a refund anticipation loan ("RAL") filed by Panama Express or its agents.

2

- Request # 4:  The authorization of Rodolfo Cuervo to participate in the IRS's e-file Program as an Electronic Return Originator for tax years 2002, 2003 and 2004.

- Request # 5:  The authorization of Maria Cuervo to participate in the IRS's e-file Program as an Electronic Return Originator for tax years 2002, 2003 and 2004.

- Request # 6:  The entire 2000-31 Revenue Procedure File.

- Request # 7:  All issued "Quick Alerts" for the taxable years 2002 and 2003.

- Request # 8:  Copies of all returns for the taxable years 2002, 2003, and 2004 filed under the Plaintiff's Social Security Number.

8.  On or about December 9, 2008, the IRS responded to Plaintiff's FOIA request (Exhibit B, without enclosures).  The IRS inadequately responded to all requests.  The IRS: (a) produced insufficient documents in response to Requests # 2, # 3, and # 8, because it conducted an inadequate search, (b) improperly denied Requests # 1, # 4, and # 5 on the grounds that the Requests sought confidential tax records, and (c) denied Requests # 6 and # 7 by not addressing them at all.

9.  On January 2, 2009, Plaintiff appealed the response from the IRS. (Exhibit C, without enclosures).

10.  On January 13, 2009, the IRS sent a second response to Plaintiff's FOIA request responding to Requests # 6 and # 7.  (Exhibit D).  The IRS

3

inadequately responded to Requests # 6 and # 7.  The IRS: (a) in response to Request # 6, provided the 2000-31 Revenue Procedure, but it failed to provide the entire 2000-31 Revenue Procedure File, which contains documents, internal correspondence, research, legal memos, and other papers, and (b) denied Request # 7 on the grounds that such information was available for subscribed customers.

11. On January 26, 2009, Plaintiff appealed the January 13, 2009 response of the IRS (Exhibit E, without enclosures).

12. On or about March 30, 2009, the IRS responded to Plaintiff's appeals. The IRS response to the Plaintiff's appeals was inadequate.  (Exhibit F).  The IRS provided no additional documents and determined that their initial search and responses were adequate and appropriate.

13. Plaintiff has exhausted its administrative remedies with respect to this matter.


**FOIA STATUTE**

14.  Plaintiff has a statutory right, pursuant to 5 U.S.C. § 552(a) (3), to the records he seeks.  There is no legal basis for the IRS's failures to respond to Plaintiff's requests and to disclose the requested documents.

15.  The Court herein is authorized by statute to review Plaintiff's request for documents de-novo.

4

16.  As a matter of law, the IRS has the burden of proof as to why they denied Plaintiff's request.

## CAUSE OF ACTION

17. Plaintiff realleges and incorporates all proceeding paragraphs.

18. Plaintiff properly requests records and other documents within the control of the IRS.

19. Plaintiff is entitled by law to access to the records and other documents requested under FOIA.

20. By its acts and omissions the IRS violated FOIA's mandate to release agency records and other documents to the public by failing to release the records and other documents the Plaintiff requested.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

1) Enjoin the IRS from withholding records and other documents and order the production of any records and other documents improperly withheld pursuant to Freedom of Information Act, 5 U.S.C. § 552.

2) Award Plaintiff its costs and reasonable attorneys' fees in this action; and

3) Grant such other and further relief as the Court may deem just and proper.

DATED:      December 7, 2009
            New York, NY

                        LINCOLN SQUARE LEGAL SERVICES, INC.

                        By:  Elizabeth Maresca
                        Supervising Attorney
                        Bar # EM4799
                        Fordham Law School
                        33 W.  60th Street, 3rd Floor
                        New York, NY 10023
                        (212) 636-7353
                        Attorneys for Plaintiff

                        Marcella Silverman
                        Supervising Attorney

                        Robert Weissbrot, Sergei Aden & Marc Shlesinger,
                        Legal Interns

6

# LINCOLN SQUARE LEGAL SERVICES, INC.

**Executive Director**
Ian Weinstein

**Supervising Attorneys**
Cheryl G. Bader
James A. Cohen
Elizabeth B. Cooper
Romaine L. Gardner
Brian Glick
Leah A. Hill
Elizabeth A. Maresca

**Supervising Attorneys**
Michael W. Martin
Paul Radvany
Martha Rayner
Beth G. Schwartz
Marcella Silverman
Gemma Solimene

**Supervising Social Worker**
Lyn Kennedy Slater, C.S.W., Ph.D.

**By UPS Overnight Delivery**

October 20, 2008

Attn: C.J. Mills
United States Internal Revenue Service
Disclosure Office 2
Room 3214
600 Arch Street
Philadelphia, PA 19106

RE:   **Freedom of Information Act and Privacy Act of 1974 Request**
      **Jose Nuesi-Rodriguez**
      **SSN:** ████████

Dear Sir or Madam:

Enclosed please find an IRS Form 2848, "Power of Attorney and Declaration of Representative" authorizing this firm to represent the above-referenced taxpayer.

Panama Express is an authorized e-file provider located at 2786 Atlantic Avenue, Brooklyn, NY 11207.  The principal is Rodolfo Cuero.  Another person associated with it is Maria Cueruo aka Maria Cuervo. Panama Express prepared and filed a 2003 return, using Mr. Nuesi-Rodriguez's social security number, which claimed an earned income tax credit, other credits, and a dependant for a person who the taxpayer does not know. In addition to these deductions and credits we believe Panama Express requested and received a Refund Anticipation Loan our client dud not authorize Panama Express to file this return using his information.   We are investigating our client's claims and thus request the documents detailed below.

Pursuant to the provisions of the Privacy Act of 1974, (5 U.S.C. §552A) and the Freedom of Information Act, (5 U.S.C. §552) please provide us with:

1.  The authorization of Panama Express to participate in the IRS's e-file Program for tax
    years 2002 and 2003, including but not limited to:

Fordham University School of Law~33 West 60th Street, Third Floor~New York, NY 10023
Phone:  (212) 636-6934   Fax:  (212) 636-6923

a. Panama Express's e-file application;
b. Panama Express's Memorandum of Understanding and Agreement;
c. All documents evidencing the IRS's suitability check on Panama Express;
d. The Acceptance Letter from the IRS to Panama Express and related documents;
e. All documents reflecting Panama Express's EFIN (Electronic Filing Identification Number);
f. All document related to any IRS administration review or denial of a return prepared by Panama Express;
g. All documents related to complaints regarding Panama Express and/or any delegated users of Panama Express from January, 1, 2001 thru December 31, 2004;
h. All documents relating to any section 6695 penalties asserted against Panama Express;
i. All documents relating to any section 6695(g) penalties asserted against Panama Express;
j. All documents relating to any section 6694 penalties asserted against Panama Express;
k. All documents evidencing the IRS's monitoring of Panama Express for compliance with Revenue Procedure 2000-31 and e-file procedures;
l. All correspondence between the IRS and Panama Express from January, 1, 2003 from December 31, 2005;
m. All documents reflecting the number of e-file returns filed by Panama Express for tax years 2002 and 2003;
n. All documents reflecting the name of the person or persons on record as the Responsible Official, Principal Person, Principal Officer, Responsible Person, and/or other delegated users of Panama Express during January, 1, 2003 thru December 31, 2004.

2. The Examination file, Administration file and other documents relating to the return of Mr. Nuesi-Rodriguez for tax years 2002, 2003, and 2004, including but not limited to:

a. All documents related to Form 1040;
b. All W-2;
c. All 1049's;
d. All documents, reports, notes, investigative histories, IRS work logs, schedules, reports of interviews, memoranda of interviews, information received from third parties, memoranda, telephone call slips, notes, and other similar papers prepared or accumulated relative to the taxpayer's returns years 2002, 2003, and 2004.

3. All documents relating to the electronically filed returns, for tax years 2002, 2003, and 2004, and purported participation of the taxpayer in a refund anticipation loan ("RAL") filed by Panama Express or its agents including but not limited to:

    a. All declaration forms including but not limited to Form 8453, *U.S. Individual Income Tax declaration for an IRS e-file Return*, or Form 8453-OL, *U.S. Individual Income Tax Declaration for an IRS e-file Online Return* filed by Panama Express purportedly on behalf of the taxpayer from January, 1, 2003 thru December 31, 2004;

    b. IRS e-file signature authorization such as, Form 8879, *IRS e-file Signature Authorization;*

    c. The IRS's electronic acknowledgement of the receipt of any of the documents previously listed;

    d. The Declaration Control Number and the date of acceptance the IRS.

4. The authorization of Rodolfo Cueruo aka Rodolfo Cuervo (hereafter "Rodolfo C") to participate in the IRS's e-file Program as a Electronic Return Originator for tax years 2002, 2003 and 2004, including but not limited to:

    a. Rodolfo C's e-file application;

    b. All documents reflecting Rodolofo C's PTIN (Preparer Tax Identification Number);

    c. All documents evidencing the IRS's suitability check on Rodolfo C;

    d. All letters, including the e-file acceptance letter from the IRS to Rodolfo C;

    e. All documents reflecting Rodolfo C's EFIN (Electronic Filing Identification Number);

    f. All document related to IRS administration review or denial of a return prepared by Rodolfo C;

    g. All complaints made against Rodolfo C during January, 1, 2003 thru December 31, 2004;

    h. All documents evidencing the IRS's monitoring of Rodolfo C for compliance with Revenue Procedure 2000-31 and e-file procedures; and

    i. All correspondence between the IRS and Rodolfo C from January, 1, 2003 from December 31, 2005.

5. The authorization of Maria Cueruo AKA Maria Cueruo (hereafter "Maria C") to participate in the IRS's e-file Program as a Electronic Return Originator for tax years 2002, 2003 and 2004, including but not limited to:

    a. All documents evidencing the IRS's suitability check on Maria C;

    b. All documents reflecting Maria C's PTIN (Preparer Tax Identification Number);

    c. All document related to any IRS administration review or denial of a return prepared by Maria C;

    d. All complaints made against Maria C during January, 1, 2003 thru December 31, 2004;

    e. All documents evidencing the IRS's monitoring of Maria C for compliance with Revenue Procedure 2000-31 and e-file procedures;

    f. All correspondence between the IRS and Maria C from January, 1, 2003 from December 31, 2005.

6. The entire 2000-31 Revenue Procedure file.
7. All IRS issued quick alerts for the taxable years 2002 and 2003.
8. Copies of all returns for the taxable years 2002, 2003, and 2004 filed under SSN: 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.

We agree to pay reasonable charges in locating and copying the requested documents, not to exceed $500. If your fees will exceed that amount, please contact me for further authorization.

If you determine that any portion of a record is exempt from disclosure, please provide the non-exempt portion. With respect to those records (or portions thereof) which you believe are exempt, please identify each such record, the number of pages withheld, and the specific exemption on which you rely.

Please direct any notification or correspondence regarding this request to me. I can be reached at 212-636-7353. Thank you.

Sincerely,

Elizabeth Maresca, Esq.

Enclosures:

Form 2848 Power of Attorney and Declaration of Representative



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

DEC 0 5 2008

Elizabeth Maresca, Esquire
Lincoln Square Legal Services, Inc.
33 West 60th Street, 3rd Floor
New York, NY 10023

Dear Ms. Maresca:

This letter responds to your Freedom of Information Act (FOIA) request of October 20, 2008, received in our office on October 22, 2008, regarding Jose Nuesi-Rodriguez, SSN: ▇▇▇▇▇▇▇

You asked for copies of the (1) authorization of Panama Express to participate in the IRS' E-file Program as well as other IRS information, for tax years 2002 and 2003; (2) the examination files and (3) all documents relating to the electronically filed returns regarding Mr. Muesi-Rodriguez for tax years 2002, 2003 and 2004; (4) the authorization of Rodolfo Cueruo, a/k/a Rodolfo Cuervo, to participate in the IRS' E-file Program as an Electronic Return Originator (ERO) for the tax years 2002, 2003 and 2004; (5) the authorization of Maria Cuervo. a/k/a Maria Cueruo, to participate in the IRS' E-File Program as an ERO; (6) the entire 2000-31 Revenue Procedure File; (7) all IRS issued quick alerts for the taxable years 2002 and 2003; and (8) copies of all returns for the taxable years 2002, 2003 and 2004 filed under SSN: ▇▇▇▇▇▇▇

In regard to your request for records pertaining to Panama Express, Rodolfo Cueruo and Maria Cuervo, we are unable to send you any information since you did not enclose an authorization from this business and the individuals.

Tax records are confidential and may not be disclosed unless specifically authorized by law. We must receive the Cueruo's written consent as well as written consent of an individual authorized to act on behalf of Panama Express before we can consider releasing the records you requested.

The consent must be a separate written document pertaining solely to the authorized disclosure. It must include the following:

- Name, address, and social security number of the taxpayer
- Type of return or return information to be disclosed
- Taxable period or year covered
- Identity of the person to whom the disclosure is to be made
- Signature of the taxpayer and date signed

2

For your convenience, I have enclosed Form 8821, Tax Information Authorization.  When properly completed, this form satisfies all requirements for a valid consent.

In response to Mr. Nuesi-Rodriguez's records, Items #2, 3 and 8 above, I am enclosing a copy of the requested records for tax years 2003 and 2004, consisting of 29 pages, which includes the wage and information documents.  As you can see from the copy of the 2003 return, this refund issue was already addressed and resolved by the Taxpayer Advocate's Office.

In regard to the examination file for tax year 2003, I was unable to obtain that file after several attempts.  I have enclosed an Account Transcript that shows the earned income credit was reversed and additional penalties and interest was assessed on this account resulting in a balance due.  There was no examination on the 2004 tax year.

I also researched our records and found no record of a Federal income tax return filed for the tax year 2002 by Mr. Nuesi-Rodriguez.  Therefore, there are no documents responsive to this portion of your request.

I have enclosed Notice 393 explaining your appeal rights.

The fee for copying the released documents is **$114.00**, the standard fee for a copy of a return ($57.00 per return), which was processed under routine established agency procedures.  There was no fee charged for the transcripts and the Taxpayer Advocate's records.  **Please send your check or money order payable to the Treasury of the United States to the address below.  We must receive your payment by January 9, 2009**.  Fees paid are reimbursement for services performed and are not refundable.  If you fail to pay the fees, your name and Jose Nuesi-Rodriguez's name will be added to the FOIA Non-Payment list, and no future requests will be processed until all fees are paid in full.

If you have any questions please call Senior Disclosure Specialist Sharon King, ID # 0212563, at (215) 861-1993 or write to: Internal Revenue Service, Disclosure Office 2, 600 Arch Street, Room 3214, Philadelphia, PA 19106.  Please refer to case number 02-2009-00187.

Sincerely,

C. J. Mills
Disclosure Manager
Disclosure Office 2

Enclosures

ernal Revenue Service
S:CLD:GLD:NE:D2
Floor, Room 3214
Arch Street
ladelphia, PA  19106

ial Business
alty for Private Use, $300





U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300

PITNEY BOWES

02 1A          $ 01.68⁰
0004205171    DEC 05  2008
MAILED FROM ZIP CODE 19106

RECEIVED

BY:........................

# LINCOLN SQUARE LEGAL SERVICES, INC.

**Executive Director**
Ian Weinstein

**Supervising Attorneys**
Cheryl G. Bader
James A. Cohen
Elizabeth B. Cooper
Romaine L. Gardner
Brian Glick
Leah A. Hill
Elizabeth A. Maresca

**Supervising Attorneys**
Michael W. Martin
Paul Radvany
Martha Rayner
Beth G. Schwartz
Marcella Silverman
Gemma Solimene

**Supervising Social Worker**
Lyn Kennedy Slater, C.S.W., Ph.D.

January 2, 2009

IRS Appeal
Attention: FOIA Appeals
M/Stop 55203
5045 E. Butler Avenue
Fresno, California 93727-5136

To Whom It May Concern:

On October 20, 2008, on behalf of my client Mr. Nuesi-Rodriguez, I made a FOIA request to C.J. Mills in Disclosure Office 2. (See Exhibit A).  I am writing this letter to appeal the response made by the IRS on December 5th, 2008. (See Exhibit B).

The IRS completely failed to respond to our requests numbered six (6) and seven (7).  The IRS failed to adequately make disclosures in reference to requests two (2), three (3) and eight (8) because it failed to conduct and adequate search of its records.  Lastly, the IRS's application of IRC § 6103 was overbroad, causing the IRS to erroneously deny one (1), four (4) and five (5) of our requests our FOIA requests.  When an agency claims an exemption they have the burden of proving the exemption applies.  The IRS also has the burden of proving it adequately conducted all for documents and files which respond to our requests.

## Request 1[1]

***IRS's Response –***

In regard to your request for records pertaining to Panama Express, Rodolfo Cueruo and Maria Cuervo, we are unable to send you any information since you did not enclose an authorization from this business and the individuals.

---

[1] Please refer to Exhibit A, the FOIA request letter dated October 20, 2008.

Fordham University School of Law ~ 33 West 60th Street, Third Floor ~ New York, NY 10023
Phone: (212) 636-6934   Fax: (212) 636-6923

1

Tax records are confidential and may not be disclosed unless specifically authorized by law. We must receive the Cuervo's written consent as well as written consent of an individual authorized to act on behalf of Panama Express before we can consider releasing the records you requested.

*Objection –*

We challenge the IRS's response that this information should not be disclosed. We are not seeking confidential tax information; indeed we are not seeking any tax information at all. The IRS has improperly applied IRC § 6103 to the responsive documents, files and information. These records are not exempted from disclosure by any federal law. The IRS must disclose all documents, files and information responsive to this request as made in our letter dated October 20, 2008.

## Request 2

*IRS's Response –*

In response to Mr. Nuesi-Rodriguez's records, Items #2, 3 and 8 above I am enclosing a copy of the requested records for tax years 2003 and 2004, consisting of 29 pages, which includes the wage and information documents. As you can see from the copy of the 2003 return this refund issue was already addressed and resolved by the Taxpayer Advocate's Office.

In regard to the examination file for tax year 2003, I was unable to obtain the file after several attempts. I have enclosed an Account Transcript that shows the earned income credit was reversed and additional penalties and interest was assessed on this account resulting in a balance due. There was no examination on the 2004 tax year.

I also researched our records and found no record of a Federal income tax return filed for the tax year 2002 by Mr. Nuesi-Rodriguez. Therefore, there are no documents responsive to this portion of your request."

*Objection –*

The IRS's disclosure in relation to this request was the result of an inadequate search. The IRS must conduct a more thorough search and investigation for the requested documents, files and information. The IRS must disclose all documents, files and information responsive to this request as made in our letter dated October 20, 2008.

2

## Request 3

*IRS's Response –*

In response to Mr. Nuesi-Rodriguez's records, Items #2, 3 and 8 above I am enclosing a copy of the requested records for tax years 2003 and 2004, consisting of 29 pages, which includes the wage and information documents. As you can see from the copy of the 2003 return this refund issue was already addressed and resolved by the Taxpayer Advocate's Office.

In regard to the examination file for tax year 2003, I was unable to obtain the file after several attempts. I have enclosed an Account Transcript that shows the earned income credit was reversed and additional penalties and interest was assessed on this account resulting in a balance due. There was no examination on the 2004 tax year.

I also researched our records and found no record of a Federal income tax return filed for the tax year 2002 by Mr. Nuesi-Rodriguez. Therefore, there are no documents responsive to this portion of your request.

*Objection –*

The IRS's disclosure in relation to this request was the result of an inadequate search. The IRS must conduct a more thorough search and investigation for the requested documents, files and information. The IRS must disclose all documents, files and information responsive to this request as made in our letter dated October 20, 2008.

## Request 4

*IRS's Response –*

In regard to your request for records pertaining to Panama Express, Rodolfo Cueruo and Maria Cuervo, we are unable to send you any information since you did not enclose an authorization from this business and the individuals.

Tax records are confidential and may not be disclosed unless specifically authorized by law. We must receive the Cueruo's written consent as well as written consent of an individual authorized to act on behalf of Panama Express before we can consider releasing the records you requested.

*Objection –*

We challenge the IRS's response that this information should not be disclosed. We are not seeking confidential tax information; indeed we are not seeking any tax information at all. The IRS has improperly applied IRC § 6103 to the responsive documents, files and information. These records are not exempted from disclosure by any federal law. The IRS must disclose all

3

documents, files and information responsive to this request as made in our letter dated October 20, 2008.

# Request 5

*IRS's Response –*

> In regard to your request for records pertaining to Panama Express, Rodolfo Cueruo and Maria Cuervo, we are unable to send you any information since you did not enclose an authorization from this business and the individuals.
>
> Tax records are confidential and may not be disclosed unless specifically authorized by law. We must receive the Cueruo's written consent as well as written consent of an individual authorized to act on behalf of Panama Express before we can consider releasing the records you requested."

*Objection –*

We challenge the IRS's response that this information should not be disclosed. We are not seeking confidential tax information; indeed we are not seeking any tax information at all. The IRS has improperly applied IRC § 6103 to the responsive documents, files and information. These records are not exempted from disclosure by any federal law. The IRS must disclose all documents, files and information responsive to this request as made in our letter dated October 20, 2008.

# Request 6

*IRS's Response –*

> None.

*Objection –*

The IRS has not responded to this request. The IRS must either produce the responsive documents, files and information or state the applicable statutory exemptions. The IRS has failed to meet is burden, as it failed to establish why the information should not be disclosed. Unless the IRS can meet this burden it must disclose the information requested.

# Request 7

*IRS's Response –*

> None.

4

*Objection –*

The IRS has not responded to this request. The IRS must either produce the responsive documents, files and information or state the applicable statutory exemptions. The IRS has failed to meet is burden, as it failed to establish why the information should not be disclosed. Unless the IRS can meet this burden it must disclose the information requested.

## Request 8

*IRS's Response –*

>In response to Mr. Nuesi-Rodriguez's records, Items #2, 3 and 8 above I am enclosing a copy of the requested records for tax years 2003 and 2004, consisting of 29 pages, which includes the wage and information documents. As you can see from the copy of the 2003 return this refund issue was already addressed and resolved by the Taxpayer Advocate's Office.

>In regard to the examination file for tax year 2003, I was unable to obtain the file after several attempts. I have enclosed an Account Transcript that shows the earned income credit was reversed and additional penalties and interest was assessed on this account resulting in a balance due. There was no examination on the 2004 tax year.

>I also researched our records and found no record of a Federal income tax return filed for the tax year 2002 by Mr. Nuesi-Rodriguez. Therefore, there are no documents responsive to this portion of your request."

*Objection –*

The IRS's disclosure in relation to this request was the result of an inadequate search. The IRS must conduct a more thorough search and investigation for the requested documents, files and information. The IRS must disclose all documents, files and information responsive to this request as made in our letter dated October 20, 2008.

## Conclusion

For the reasons stated above we appeal the IRS's entire response. My client is a low income taxpayer and we hereby request a fee reduction or fee waiver. If you are unable to grant us a fee reduction or waiver, please contact me for further authorization.

If you determine that any portion of a record is exempt from disclosure, please provide the non-exempt portion. With respect to those records (or portions thereof) which you believe are exempt, please identify each such record, the number of pages withheld, and the specific exemption on which you rely.

Please direct any notification or correspondence regarding this request to me. I can be reached at 212-636-7353. Thank you.

Sincerely,

Elizabeth Maresca, Esq.

Enclosures:
Exhibit A – FOIA request dated October 20, 2008.
Exhibit B – IRS Response Letter (w/out attachments).

6



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

January 13, 2009

Elizabeth Maresca, Esquire
Lincoln Square Legal Services, Inc.
33 West 60th Street, 3rd Floor
New York, NY 10023

Dear Ms. Maresca:

This is in further response to your Freedom of Information Act (FOIA) request of October 20, 2008, received in our office on October 22, 2008, regarding Jose Nuesi-Rodriguez, SSN: ▮▮▮▮▮▮▮ concerning Item # 6 for the entire 2000-31 Revenue Procedure File, and Item #7 for all IRS issued quick alerts for the taxable years 2002 and 2003.

Enclosed is a copy of Rev. Proc. 2000-31, which is available online at www.irs.gov and a copy of Publication 4003 (Rev. 10-07), E-file QuickAlerts Messaging System. Also enclosed is a copy of the IRS QuickAlerts information for your guidance. This is also available online and you must subscribe to it in order to receive the information. Since I am not a subscriber, I do not have access to these old QuickAlerts. Normally, items available to the public by other means do not meet the requirements of the FOIA.

I apologize for not addressing this in my previous letter dated December 5, 2008.

I would also like to remind you that we did not receive the fee of $114.00 for the documents released to you on December 5, 2008, which was due on January 9, 2009. **Please send your check or money order payable to the Treasury of the United States to the address below immediately.** If you fail to pay the fees, your name and Jose Nuesi-Rodriguez's name will be added to the FOIA Non-Payment list, and no future requests will be processed until all fees are paid in full.

If you have any questions please call Senior Disclosure Specialist Sharon King, ID # 0212563, at (215) 861-1993 or write to: Internal Revenue Service, Disclosure Office 2, 600 Arch Street, Room 3214, Philadelphia, PA 19106. Please refer to case number 02-2009-00187.

Sincerely,

C. J. Mills
Disclosure Manager
Disclosure Office 2

Enclosures

# Part III. Administrative, Procedural, and Miscellaneous

*26 CFR 601.602: Tax forms and instructions.*
*(Also Part I, sections 6012, 6061; 1.6012–5, 1.6061–1.)*

## Rev. Proc. 2000–31

CONTENTS

SECTION 1 PURPOSE
SECTION 2 BACKGROUND AND CHANGES
SECTION 3 DEFINITIONS
SECTION 4 ACCEPTANCE IN THE IRS *e-file* PROGRAM
SECTION 5 RESPONSIBILITIES OF AN AUTHORIZED IRS *e-file* PROVIDER
SECTION 6 PENALTIES
SECTION 7 MONITORING AND SANCTIONING OF AN AUTHORIZED IRS *e-file* PROVIDER
SECTION 8 ADMINISTRATIVE REVIEW PROCESS
SECTION 9 PILOT PROGRAMS
SECTION 10 EFFECT ON OTHER DOCUMENTS
SECTION 11 EFFECTIVE DATE
SECTION 12 INTERNAL REVENUE SERVICE OFFICE CONTACT

### SECTION 1. PURPOSE

This revenue procedure informs those who participate in the IRS *e-file* Program of their obligations to the Internal Revenue Service, taxpayers, and other participants. The IRS *e-file* Program allows taxpayers to file their income tax returns through an Electronic Return Originator, or by using a personal computer, modem, and commercial tax preparation software (the Form 1040 IRS On-Line Filing Program). The following returns can be filed under the IRS *e-file* Program: (1) Form 1040 and Form 1040A, U. S. Individual Income Tax Return; and (2) Form 1040EZ, Income Tax Return for Single and Joint Filers with no Dependents. This revenue procedure modifies and supersedes Rev. Proc. 98–50, 1998–2 C.B. 368 (IRS *e-file* Program), and Rev. Proc. 98–51, 1998–2 C.B. 380 (Form 1040 IRS On-Line Filing Program).

### SECTION 2. BACKGROUND AND CHANGES

.01 Section 1.6011–1(a) of the Income Tax Regulations provides that every person subject to income tax must make a return or statement as required by the regulations. The return or statement must include the information required by the applicable regulations or forms.

.02 Section 301.6061–1(b) of the Regulations on Procedure and Administration authorizes the Secretary to prescribe in forms, instructions, or other appropriate guidance the method of signing any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations.

.03 Section 1.6012–5 of the regulations provides that the Commissioner may authorize the use, at the option of a person required to make a return, of a composite return in lieu of any form specified in 26 CFR Part 1 (Income Tax), subject to the conditions, limitations, and special rules governing the preparation, execution, filing, and correction thereof as the Commissioner may deem appropriate.

.04 This revenue procedure combines the rules governing the IRS *e-file* Program with the rules governing the Form 1040 IRS On-Line Filing Program (previously set forth in Rev. Proc. 98–50 and Rev. Proc. 98–51, respectively).

.05 This revenue procedure incorporates substantive changes made to the IRS *e-file* Program, including changes to the definitions of program participants (see section 3 of this revenue procedure) and changes to the sanctions that may be imposed upon Authorized IRS *e-file* Providers (see section 7 of this revenue procedure).

.06 Many of the rules governing participation in the IRS *e-file* Program are now set forth in IRS Publications. See section 5.01 of this revenue procedure.

### SECTION 3. DEFINITIONS

.01 A participant in the IRS *e-file* Program is referred to as an "Authorized IRS *e-file* Provider." The Authorized IRS *e-file* Provider categories are:

(1) ELECTRONIC RETURN ORIGINATOR. An "Electronic Return Originator" (ERO) originates the electronic submission of income tax returns.

(2) INTERMEDIATE SERVICE PROVIDER. An "Intermediate Service Provider" receives tax return information from an ERO (or from a taxpayer who files electronically using a personal computer, modem, and commercial tax preparation software), processes the tax return information, and either forwards the information to a Transmitter, or sends the information back to the ERO (or taxpayer).

(3) SOFTWARE DEVELOPER. A "Software Developer" develops software for the purposes of (a) formatting electronic tax return information according to Publication 1346, Electronic Return File Specifications and Record Layouts for Individual Income Tax Returns; and/or (b) transmitting electronic tax return information directly to the Service.

(4) TRANSMITTER. A "Transmitter" transmits electronic tax return information directly to the Service.

.02 The Authorized IRS *e-file* Provider categories are not mutually exclusive. For example, an ERO can, at the same time, be a Transmitter, Software Developer, or Intermediate Service Provider depending on the function(s) performed.

.03 A "Responsible Official" is an individual with authority over the IRS *e-file* operation of the office(s) of the Authorized IRS *e-file* Provider, is the first point of contact with the Service, and has authority to sign revised IRS *e-file* applications. A Responsible Official is responsible for ensuring that the Authorized IRS *e-file* Provider adheres to the provisions of this revenue procedure and the publications and notices governing the IRS *e-file* Program.

### SECTION 4. ACCEPTANCE IN THE IRS *e-file* PROGRAM

.01 Individuals, businesses, and organizations that wish to participate in the IRS *e-file* Program must apply for participation and must be accepted by the Service.

.02 The procedures governing application to the IRS *e-file* Program are included in Publication 3112, The IRS *e-file* Application Package.

.03 The circumstances under which the Service may deny participation in the IRS *e-file* Program are included in Publi-

cation 1345, Handbook for Authorized *e-file* Providers of Individual Income Tax Returns. An applicant who is denied participation may seek administrative review of the denial. See section 8 of this revenue procedure.

.04 To continue participation in the IRS *e-file* Program, Authorized IRS *e-file* Providers must adhere to all requirements of this revenue procedure and the publications and notices governing the IRS *e-file* Program.

## SECTION 5. RESPONSIBILITIES OF AN AUTHORIZED IRS *e-file* PROVIDER

.01 To ensure that returns are accurately and efficiently filed, an Authorized IRS *e-file* Provider must comply with the provisions of this revenue procedure and all publications and notices governing the IRS *e-file* Program. The Service will from time to time update such publications and notices to reflect changes to the program. It is the responsibility of the Authorized IRS *e-file* Provider to ensure that it complies with the latest version of all publications and notices. The publications and notices governing the IRS *e-file* Program include:

(1) Publication 1345, Handbook for Authorized IRS *e-file* Providers of Individual Income Tax Returns;

(2) Publication 1345A, Filing Season Supplement for Authorized IRS *e-file* Providers of Individual Income Tax Returns;

(3) Publication 1346, Electronic Return File Specifications and Record Layouts for Individual Income Tax Returns;

(4) Publication 1436, Test Package for Electronic Filing of Individual Income Tax Returns;

(5) Publication 3112, The IRS *e-file* Application Package; and

(6) Postings to the Electronic Filing System Bulletin Board (EFS Bulletin Board) and the IRS "Digital Daily" web site at: http://www.irs.gov on the Internet.

.02 The publications and notices listed in section 5.01 supplement this revenue procedure but do not supersede it. A violation of a provision of these publications and notices is considered a violation of this revenue procedure and may subject the participant to the sanctions provided in section 7 of this revenue procedure.

## SECTION 6. PENALTIES

.01 *Penalties for Disclosure or Use of Information.*

(1) An Authorized IRS *e-file* Provider, except a Software Developer that does not have access to taxpayer information, is a tax return preparer under the definition of § 301.7216–1(b). A tax return preparer is subject to a criminal penalty for unauthorized disclosure or use of tax return information. See § 7216 of the Internal Revenue Code and § 301.7216–1(a). In addition, § 6713 establishes civil penalties for unauthorized disclosure or use of tax return information.

(2) Under § 301.7216–2(h), disclosure of tax return information among Authorized IRS *e-file* Providers for the purpose of electronically filing a return is permissible. For example, an ERO may pass on tax return information to an Intermediate Service Provider and/or a Transmitter for the purpose of having an electronic return formatted and transmitted to the Service.

.02 *Other Preparer Penalties.*

(1) Preparer penalties may be asserted against an individual or firm meeting the definition of an income tax return preparer under § 7701(a)(36) and § 301.7701–15. Preparer penalties that may be asserted under appropriate circumstances include, but are not limited to, those set forth in §§ 6694, 6695, and 6713.

(2) Under § 301.7701–15(d), Authorized IRS *e-file* Providers are not income tax return preparers for the purpose of assessing most preparer penalties as long as their services are limited to "typing, reproduction, or other mechanical assistance in the preparation of a return or claim for refund."

(3) If an ERO, Intermediate Service Provider, Transmitter, or the product of a Software Developer alters the return information in a nonsubstantive way, this alteration will be considered to come under the "mechanical assistance" exception described in § 301.7701–15(d). A nonsubstantive change is a correction or change limited to a transposition error, misplaced entry, spelling error, or arithmetic correction.

(4) If an ERO, Intermediate Service Provider, Transmitter, or the product of a Software Developer alters the return information in a way that does not come

under the "mechanical assistance" exception, the Authorized IRS *e-file* Provider may be held liable for income tax return preparer penalties. See § 301.7701–15; Rev. Rul. 85–189, 1985–2 C.B. 341 (which describes a situation where a Software Developer was determined to be an income tax return preparer and subject to certain preparer penalties).

.03 *Other Penalties.* In addition to the above specified provisions, the Service reserves the right to assert all appropriate preparer, nonpreparer, and disclosure penalties against an Authorized IRS *e-file* Provider as warranted under the circumstances.

## SECTION 7. MONITORING AND SANCTIONING OF AN AUTHORIZED IRS *e-file* PROVIDER

.01 The Service will monitor Authorized IRS *e-file* Providers for compliance with the rules governing the IRS *e-file* Program. The Service may sanction an Authorized IRS *e-file* Provider for violating any provision of this revenue procedure or the publications and notices governing the IRS *e-file* Program.

.02 Sanctions that the Service may impose upon an Authorized IRS *e-file* Provider for violations described in section 7.01 of this revenue procedure include a written reprimand, suspension or expulsion from the program, and other sanctions, depending on the seriousness of the infraction. Publication 1345 describes the infraction categories and the rules governing the imposition of sanctions.

## SECTION 8. ADMINISTRATIVE REVIEW PROCESS

.01 An applicant that has been denied participation in the IRS *e-file* Program (see section 4.03 of this revenue procedure) has the right to an administrative review. During the administrative review process, the denial of participation remains in effect.

.02 An Authorized IRS *e-file* Provider may seek administrative review for any sanction the Service may impose under section 7 of this revenue procedure.

.03 Publication 1345 describes the procedures regarding administrative review of a denial of participation in the IRS *e-file* Program and any sanction imposed by the Service.

SECTION 9.  PILOT PROGRAMS

.01  The Service regularly conducts pilot programs to introduce new technology into the IRS *e-file* Program.  These pilot programs are usually conducted within a limited geographic area or within a limited taxpayer or practitioner community.  The Service establishes rules for participating in these pilot programs and embodies these rules in an implementing document typically referred to as a "Memorandum of Understanding" (MOU) or "Memorandum of Agreement" (MOA).  Pilot participants must agree to the provisions of the implementing document in order to participate in the pilot program.

.02  An implementing document supplements this revenue procedure, but does not supersede it.  Participants in a pilot program remain subject to the provisions of this revenue procedure unless the implementing document specifically provides otherwise.

.03  A violation of a provision of an implementing document is considered a violation of this revenue procedure and may subject the participant to sanctions (see section 7 of this revenue procedure).

SECTION 10.  EFFECT ON OTHER DOCUMENTS

Rev. Proc. 98–50, 1998–2 C.B. 368, and Rev. Proc. 98–51, 1998–2 C.B. 380, are modified and, as modified, are superseded.

SECTION 11.  EFFECTIVE DATE

This revenue procedure is effective July 13, 2000, except for the provisions of section 7 of this revenue procedure, which are effective for sanctions imposed on or after January 1, 2001.

SECTION 12.  INTERNAL REVENUE SERVICE OFFICE CONTACT

All questions regarding this revenue procedure should be directed to the Internal Revenue Service.  The telephone number for this purpose is (202) 283-0531 (not a toll-free number).



**QuickAlerts "More" e-file Benefits for EROs**

Did you know the IRS has a service that alerts Electronic Return Originators (EROs), Software Developers and Transmitters to e-file happenings almost at the very moment they occur? If not, then you've been missing out on some very helpful benefits provided by the *push* technology of the **QuickAlerts Messaging System**. Get on board now to become one of the thousands that receive "up-to-the-minute" information on e-file events.

**What is QuickAlerts?**

QuickAlerts is a **free** online service that disseminates mass e-file messages, *within seconds*, to all **"subscribed"** individual and business e-file Software Developers, Transmitters and Authorized IRS *e-file* Providers.

**Why Should You Subscribe?**

This is a **"free service"** with *options* and *convenience* rolled into one single package. What could be easier than a **"one-time subscription"** to receive valuable and important e-file information, continuously, until *you* \*unsubscribe?

**How to Subscribe**

It's simple. First, you must have an IRS-assigned **EFIN** or **ETIN** number that can be used as your official login or username. You will use the **5-digit "Year-round Mailing Address Zip Code"** placed on your original Form 8633, *Application to Become An Authorized IRS e-file Provider,* as the password. **Note:** If you move and your Zip Code changes, QuickAlerts does not automatically update this change. You will need to continue using the old Zip Code until you physically change your password on the QuickAlerts Web site.

You can access the site directly at www.envoyprofiles.com/QuickAlerts. Second, the site opens up to the QuickAlerts *Welcome* screen. Click on the login hyperlink and proceed to the login page. Third, fill in all the necessary information as you proceed through each of the following screens. You must click *"Save or Apply"* - depending on the exposed screen - to register your information *and* in order to receive messages.

**1)  Contact (Profile) Screen –** Complete as required. You must also enter the necessary information that will later (step 3) be associated with your **"email address"** in order to receive the QuickAlert messages.

**2)  Subscription (Category) Screen –** Choose the message(s) that work best for you, even if it's all three (see section below, *What Are The Benefits?*).

**3)  Schedule Screen –** QuickAlerts is a  **24-hr/7-day** a week messaging system that will allow the subscriber to receive QuickAlert messages via email.  The phone and fax features will no longer be active after December 30, 2007.

**What Are the Benefits?**

There are three categories that provide all around e-file information which is certain to enhance your filing season. These categories are found on the **Subscription Screen.**

- **Alerts** – Processing delays, programming and telephone router problems, changes to any filing season procedure, PATS testing changes.
- **General Notifications** – Seminars, Conferences, e-file publication changes.
- **General IRS *e-file* Service Center Messages** – IRS *e-file* program updates, general information, service center maintenance schedules, IRS *e-file* Help Desk phone numbers and more.

If you have followed the steps above, the **Schedule Screen** will reflect your email selection (on the lower half of that screen).  It is important to remember that to have  your email selection reflect on the Schedule Screen page, there must be a previous entry placed on the **Contact/Profile Screen** (see Contact/Profile Screen section above, under *"How to Subscribe"*).

http://www.irs.gov/taxpros/providers/article/0,,id=97623,00.html                            1/13/2009

Another benefit is the *QuickAlerts Library*. The library stores previously posted messages. If you've missed any of the filing season messages, click on the following link to see older and previously posted Quickalerts: QuickAlerts Library

## Problems Logging On to QuickAlerts?

Help is available at Log-In Questions and Answers. You can also find answers to log-in problems by clicking on *"Log-in Problems? click here"* located at the bottom of the log-in screen on the QuickAlerts Web site.

If the questions or information shown above do not apply to your situation, you may send us an email at QuickAlerts@irs.gov.

**Special Notice:** From pre-file through the end of filing season, the QuickAlerts mailbox receives "volumes of email." Therefore, normal response times will be delayed during this timeframe. We truly apologize in advance for any inconvenience this might cause you and will work expeditiously to respond as quickly as possible.

## Updating or Correcting Subscription Information Online

Later on, after your initial subscription, you may find it necessary to update your **contact** information. This is a required action in order for you to continue receiving messages. Email addresses and telephone number changes can be completed by accessing the QuickAlerts Web site, clicking on **Profile/Contact Screen** (from the top drop-down menu), entering the new information and clicking on *Save*.

## *How to Unsubscribe

1. Access QuickAlerts online and delete the information placed on the Contact Screen - click on *Save*, or..
2. Access the **Edit Schedule Screen** and click on "delete". You will no longer receive messages after you "delete and save" on this screen.

*Page Last Reviewed or Updated: June 03, 2008*

**Internal Revenue Service**
SE:S:CLD:GLD:NE:D2
3rd Floor, Room 3214
600 Arch Street
Philadelphia, PA 19106

Official Business
Penalty for Private Use, $300



U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300

PITNEY BOWES

02 1A     $ 01.00⁰
0004205171     JAN 13  2009
MAILED FROM ZIP CODE 19106





BY: .........................

# LINCOLN SQUARE LEGAL SERVICES, INC.

**Executive Director**
Ian Weinstein

**Supervising Attorneys**
Cheryl G. Bader
James A. Cohen
Elizabeth B. Cooper
Romaine L. Gardner
Mercer Givhan
Brian Glick
Leah A. Hill
Elizabeth A. Maresca

**Supervising Attorneys**
Michael W. Martin
Paul Radvany
Martha Rayner
Beth G. Schwartz
Marcella Silverman
Gemma Solimene

**Supervising Social Worker**
Lyn Kennedy Slater, C.S.W., Ph.D.

January 26, 2009

**_BY UPS OVERNIGHT_**

IRS Appeals Office
Attention: Ms. Alexis Lindauer
Appeals Office M/S 55203
Fresno, California 93888-0700

Dear Ms. Lindauer:

On October 20, 2008, on behalf of my client Mr. Nuesi-Rodriguez, I made a FOIA request to C.J. Mills in Disclosure Office 2 (see Exhibit A). I received a response to this request on December 5, 2008 (see Exhibit B). On January 9, 2009, I appealed this response (See Exhibit C). I received a further response to my initial October 20, 2008 request in a letter dated January 13, 2009 (received on January 16, 2009) (see Exhibit D). This further response is in reference to two (2) of the eight (8) requests made in my October 20, 2008, letter. I am writing to further my appeal to include the response made by the IRS on January 13, 2009. I await further communication from the IRS to my with regards to the other six (6) requests stipulated in my appeal of January 9, 2009.

The letter of January 13, 2009 is in response to the sixth and seventh requests for information contained in my original FOIA request dated October 20, 2008. Specifically, I requested that the IRS provide the entire 2000-31 Revenue Procedure file (sixth request) and all IRS issued quick alerts for the taxable years 2002 and 2003 (seventh request).

In response to the sixth request the IRS advises that the Revenue Procedure is available online. However, I did not request the Revenue Procedure but rather the IRS's 'Revenue Procedure file' that is the documents, internal correspondence, legal memos, and etc. that formed the basis from which the Revenue Procedure 2003-31 was drafted. In Tax Analysts v. IRS (483 F.Supp.2d 8, 13), the Court held that internal IRS documents that "explain a decision that has already been made" are not privileged.

In response to my seventh request for all Quick Alerts from 2002-2003, the IRS's response dated January 13, 2009 advised that such Quick Alerts were available online for subscription customers. However, I am not a subscriber to this service and the IRS is obliged to provide this information under the Freedom of Information Act.

If you determine that any portion of these records are exempt from disclosure, please provide the non-exempt portion. With respect to those portions of the file which you believe are exempt, please identify the number of pages withheld, and the specific exemption on which you rely.

Please direct any notification or correspondence regarding this request to me. I can be reached at 212-636-7353. Thank you.

Sincerely,

Elizabeth Maresca, Esq.

Enclosures:
Exhibit A – FOIA request October 20, 2008 (w/o attachments)
Exhibit B – IRS Response letter dated December 5, 2008 (w/o attachments)
Exhibit C – Appeal letter dated January 9, 2009 (w/o attachments)
Exhibit D – Second IRS response letter dated January 13, 2009 (w/o attachments)

**Internal Revenue Service**
Appeals Office M/S 55203
5045 E Butler Ave
Fresno, CA 93727-5136

**Department of the Treasury**

**Person to Contact:**
Alexis Lindauer
Employee ID Number: 78-00036
Tel:  (559) 253-4805
Fax:  (559) 253-4890

Date:   MAR 2 5 2008

**Refer Reply to:**
AP:FW:FRE:AGL
**In Re:**
Freedom of Information Act
**Disclosure Case Number(s):**
02-2009-00187
Jose Maresca

MAR 3 0 2009

BY:------------------

Elizabeth Maresca, Esquire
Lincoln Square Legal Services, Inc.
33 West 6th Street, 3rd Floor
New York, NY 10023

Dear Ms. Maresca,

This letter is in response to your appeals request dated 1/2/2009 of Freedom of
Information Act (FOIA) information. According to your letter you are appealing
the response of 12/5/2008 from the Disclosure Office of your request for
information dated 10/20/2008.

You requested the following information:
1. Authorization of Panama Express to participate in the IRS' E-file program
   as well as other IRS information, for tax years 2003 and 2003
2. The examination files, administration file and other documents regarding
   Mr. Maresca.
3. All documents relating to the electronically filed returns regarding Mr.
   Maresca.
4. The authorization of Rodolfo Cueruo aka Rodolfo Cuervo to participate in
   the IRS's e-file program as a Electronic Return Originator for tax years
   2002, 2003 and 2004.
5. The authorization of Maria Cuervo aka Maria Cueruo to participate in the
   IRS's e-file program as a Electronic Return Originator for tax years 2002,
   2003 and 2004.
6. The entire 2003-31 Revenue Procedure File
7. All IRS issued Quick Alerts for the taxable years 2002 and 2003.
8. Copies of all returns for taxable years 2002, 2003, and 2004 filed under
   ▮▮▮▮▮▮▮▮▮▮▮

The Philadelphia Disclosure Office provided the following:

1.  The Philadelphia Disclosure Office informed you that they were unable to send you any information pertaining to Panama Express because you did not enclose an authorization from the business, to release their information.

2.  The Philadelphia Disclosure Office informed you that they located 29 pages in response to items #2, #3, and #8. And in regard to the examination file for 2003, they were unable to obtain the file after several attempts. They did enclose an account transcript that shows all the activity on the account. They informed you that there was no examination on the 2004 tax year. And that they also research the records for the 2002 tax year and found no record of a federal tax return. Therefore there were no documents responsive to that portion of the request.

3.  See # 2 response, above.

4.  The Philadelphia Disclosure Office informed you that they were unable to send you any information pertaining to Rodolfo Cueruo aka Rodolfo Cuervo because you did not enclose an authorization from him, to release his information.

5.  The Philadelphia Disclosure Office informed you that they were unable to send you any information pertaining to Maria Cuervo aka Maria Cueruo because you did not enclose an authorization from her, to release her information.

6.  The Philadelphia Disclosure Office did not respond to items 6 and 7 in their response dated, 12/5/2008. I contacted them and ask that they review the FOIA request and respond to you. The Philadelphia Disclosure Office responded to #6 and #7 in their letter dated 1/13/2009. They provided you with a copy of the Rev. Proc. 2000-31 and informed you were you could obtain it online.

7.  The Philadelphia Disclosure Office did not respond to items 6 and 7 in their response dated, 12/5/2008. I contacted them and ask that they review the FOIA request and respond to you. The Philadelphia Disclosure Office responded to #6 and #7 in their letter dated 1/13/2009. As for the IRS Quick Alerts, they provided you with a copy of the IRS Quick Alerts information for your guidance. They also informed you that you must subscribe to IRS Quick Alerts in order to receive the information. And that since the Disclosure Office is not a subscriber; they did not have access to the old IRS Quick Alerts. And that items available to the public by other means do not meet the requirement of a FOIA.

8.  See #2 response, above.

We have reviewed the response of the Disclosure Officer as well as the Disclosure database and have determined that the response was appropriate. We are satisfied that a reasonable search for records was performed and that to the extent that the records existed in the files at the time of your request, they were obtained, reviewed, and provided if appropriate.

We cannot address your allegations that other documents exist. We can only address whether the search was reasonable. In regard to the adequacy of a search, an agency must prove that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." See Sosa v. FBI, No. 93-1126, slip op. at 1 (D.D.C. Nov. 4, 1993). In this case, your request expressly asked for specific files. The Disclosure Office obtained a copy of those files and provided you with the appropriate documents.

The basic question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. U.S. Dept. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). In other words, "the search need only be reasonable, it does not have to be exhaustive." Miller, 779 F.2d at 1383 (citing Shaw v. U.S. Dept. of State, 559 F. Supp. 1053, 1057 (D.D.C. 1983)); see also, Boggs v. United States, 987 F. Supp. 11, 20 (D.D.C.1997) (noting that the role of the court is to determine reasonableness of search, "not whether the fruits of the search met plaintiff's aspirations").

We believe that the Disclosure Office has met its burden in regard to the adequacy of the search. Your allegation that additional documents exist does not undermine the finding that a reasonable search was conducted. When a requester asks for a copy of the audit file, the Disclosure Office is obligated to obtain a copy of that file if possible. This was done.

The Disclosure Office does not speculate about what the contents of the file were either before or after the time of the request. Nor is it the responsibility of the Disclosure Office to determine what the contents of the file should have been or to pursue information that might have been contained therein at some other point in time. A search is conducted. Responsive documents are located and evaluated for their release. Nothing more and nothing less.

As to the response to items (#1, #4 and #5) information concerning Panama Express, Rodolfo Cueruo aka Rodolfo Cuervo, and Maria Cuervo aka Maria Cueruo, FOIA exemption 5USC 552 (b)(3) exempts from releasing documents that by statute can not be released. Internal Revenue Code §6103 does not allow the release of documents to a person other than a taxpayer without their consent. Since the government did not receive a consent form (ie: Form 8821 or 2848) from Panama Express, Rodolfo Cueruo aka Rodolfo Cuervo, and Maria Cuervo aka Maria Cueruo allowing you to view their tax documents, the government is prohibited by statute from releasing these documents to you.

In conclusion the disclosure office has fulfilled their requirements under FOIA.

The FOIA requires us to advise you of the judicial remedies granted in the Act. You may file a complaint in the United States District Court for the District in which you reside, or have your principal place of business, or in which the agency records are located, or in the District of Columbia.

Sincerely,

Donna DeWeese
Appeals Team Manager



U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300
**$ 00.42⁰**
MAR 25 2009
PITNEY BOWES
UNITED STATES POSTAGE
02 1M
0004212816
MAILED FROM ZIP CODE 93727

MAR 3 0 2009

Internal Revenue Service
Appeals Office, Fresno Campus
Mail Stop 55201
5045 East Butler Avenue
Fresno, CA 93727-5136

Official Business
Penalty for Private Use, $300